UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| CEQUAN WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:22-324-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| OFFICER IBARRA, et al., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Cequan Wilson is currently confined at the Fayette County Detention Center ("FCDC") in Lexington, Kentucky. Proceeding without an attorney, Wilson has filed a complaint pursuant to 42 U.S.C. § 1983 against Defendants Officer Ibarra, Captain Richard Frans, and the FCDC. [Record No. 1] The Court previously granted Wilson's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. [Record No. 6] The Court now conducts a preliminary review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.

A district court must dismiss any claim on initial screening that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court, however, evaluates Wilson's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the undersigned accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

-1-

Wilson alleges that, on August 27, 2022, he was cleaning Housing Unit H as part of his work detail when he was assaulted by another inmate. [Record No. 1] According to Wilson, Unit H is where "IBP" (or Inmate Behavior Program) inmates that are "too dangerous to be in general population" are housed and it is "usual to hear threats or someone yelling at the trustee." [*Id*. at p. 2] Wilson states that, although he heard an inmate yelling behind his door while he was cleaning, he "paid it no mind because he was locked up and . . . was safe, so [he] continued working." [*Id*.] However, Wilson further indicates that he then heard the inmate tell Officer Ibarra to open the door while Wilson was in the "subday room." [*Id*.] According to Wilson, in response to the inmate's request, Officer Ibarra opened the door electronically and the inmate ran out and started an altercation, during which Wilson was assaulted. [*Id*. at p. 2-3]

Wilson contends that Officer Ibarra's actions were contrary to jail policies that "under no circumstances are IBP inmates supposed to be around anyone because of the security threat" and that "classifications are not to be mixed or housed together for the protection of the inmates." [*Id*.] However, according to Wilson, notwithstanding the security policies in place, officers have ignored these policies (resulting in inmate fights and assaults) "for years" without being disciplined. Thus, Wilson's claim against the FCDC is premised on his allegations that it has become an accepted custom at the FCDC for staff to disregard the policies and rules in place regarding the separation of inmates with different security classifications. [*Id*. at p. 5] Wilson also alleges that, although he filed a grievance regarding the incident, Frans responded that Wilson's grievance was unfounded. [*Id*. at p. 4]

Based on these allegations, Wilson brings claims against Officer Ibarra, Frans, and the FCDC for violation of his rights guaranteed by the Eighth Amendment. [*Id*. at p. 7] As relief,

Wilson requests that the Court "put a stop to this custom," as well as $2.5 million in compensation for his injuries and punitive damages. [*Id*. at p. 8]

The Court concludes that Wilson's claim against Frans must be dismissed for failure to state a claim for which relief may be granted. A defendant's personal liability in an action brought pursuant to 42 U.S.C. § 1983 hinges upon the defendant official's personal involvement in the deprivation of the plaintiff's civil rights. *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003); *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). Frans's status as a supervisor is an insufficient basis to pursue a § 1983 claim against him, as *respondeat superior* is not an available theory of liability. *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("[i]n a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer."). Likewise, Frans's response to Wilson's grievance does not constitute a sufficient basis for Wilson's claim against him. Prison officials are not liable under § 1983 for denying or failing to act on grievances. *Grinter v. Knight,* 532 F.3d 567, 576 (6th Cir. 2008). *See also Nwaebo v. Hawk-Sawyer*, 100 F. App'x 367, 369 (6th Cir. 2004) (citing *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999)).

In addition, although Wilson names the FCDC as a defendant, the jail itself is not a suable entity apart from the county that operates it. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."). Thus, the Court will dismiss the FCDC as a defendant and construe Wilson's claim against it as a claim against Fayette County. The Court will further direct the Clerk of the Court to substitute Fayette County as a defendant.

The Court finds that it can better evaluate Wilson's claims against Officer Ibarra and Fayette County upon a more developed record. The undersigned reaches no conclusion at this time regarding whether any of these claims will survive a dispositive motion but leaves such arguments to defendants to develop and present should they choose to do so. Because Wilson is proceeding *in forma pauperis*, the United States Marshals Service ("USMS") will serve Officer Ibarra and Fayette County with a summons and copy of the complaint on his behalf. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d). Accordingly, it is hereby

**ORDERED** as follows:

1. Wilson's claims against Richard Frans is **DISMISSED** without prejudice and the Clerk of the Court is directed to **TERMINATE** Frans as a defendant in this action;

2. Wilson's claims against the FCDC are **CONSTRUED** as claims against Fayette County, Kentucky. The Clerk of the Court is directed to **TERMINATE** the FCDC as a defendant in this action and **SUBSTITUTE** Fayette County, Kentucky as a defendant;

3. The Deputy Clerk is directed to prepare three (3) "Service Packets" for service upon Officer Ibarra and Fayette County, Kentucky. Each Service Packet shall include:

    a. a completed summons form;

    b. the complaint [Record No. 1];

    c. the Order granting Plaintiff in forma pauperis status [Record No. 6];

    d. this Memorandum Order; and

    e. a completed USM Form 285.

4. The Deputy Clerk is directed to deliver the Service Packets to the USMS in Lexington, Kentucky and note the date of delivery in the docket;

5. The USMS is directed to make arrangements with the appropriate officials at the Fayette County Detention Center to personally serve Defendant Officer Ibarra with a Service Packet at:

> Officer Ibarra
> Fayette County Detention Center
> 600 Old Frankfort Circle
> Lexington, KY 40510

6. The USMS is directed to serve Defendant Fayette County, Kentucky, by sending the Service Packets **by certified mail, <u>restricted delivery to addressee</u>, return receipt requested** to the following:

> Mary Hanna, Fayette County Judge Executive
> 200 East Main Street
> Lexington, Kentucky 40507
>
> Angela C. Evans, Fayette County Attorney
> 201 East Main Street, Suite 600
> Lexington, Kentucky 40507

7. Wilson is directed to immediately advise the Clerk's Office of any change in his current mailing address. **Failure to do so may result in dismissal of this case**; and

8. If Wilson wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office. Every motion Wilson files must include a written certification that he has mailed a copy of it to the defendants or their counsel and state the date of mailing. **The Court will disregard letters sent to the judge's chambers or motions lacking a certificate of service.**

Dated:  January 13, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky